UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIE MARA ZAHARIN,<br>   Plaintiff,<br> v.<br>FCA CORP.,<br>   Defendant. | Case No. 22-cv-03298-JST<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS, AND EXPENSES**<br><br>Re: ECF No. 38 |

Before the Court is Plaintiff's motion for attorneys' fees, costs, and expenses. ECF No. 38. The Court will grant the motion in part and deny it in part.

**I. BACKGROUND**

In July 2016, Plaintiff Marie Zaharin purchased a 2016 Dodge Ram 2500 Diesel. ECF No. 1 ¶ 25. The vehicle was manufactured by Defendant FCA US, LLC. *Id.* Between April 2017 and July 2020, the vehicle experienced various electrical, engine, fuel system, and transmission issues, which required repeated repairs. *Id.* ¶¶ 32–42. Zaharin filed her complaint on June 6, 2022, alleging violations of the Song-Beverly Consumer Warranty Act and the Magnuson-Moss Warranty Act, among other claims. *Id.*

On January 8, 2024, Zaharin applied for entry of judgment, pursuant to Federal Rule of Civil Procedure 68(a), in the amount of $182.502.60. ECF No. 28. The Court entered judgment in favor of the Plaintiff in that amount on January 29, 2024. ECF No. 29.

Zaharin filed the instant motion on July 12, 2024. ECF No. 38. FCA did not oppose the motion. The Court took the motion under submission without a hearing. ECF No. 42.

**II. JURISDICTION**

The Court has jurisdiction under 28 U.S.C. §§ 1331 and 1332.

## III. LEGAL STANDARD

The Court "applie[s] state law in determining not only the right to fees, but also in the method of calculating the fees." *Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995). California's Song-Beverly Consumer Warranty Act authorizes a court to award a prevailing plaintiff "a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the [plaintiff] in connection with the commencement and prosecution of such action." Cal. Civ. Code § 1794(d).

## IV. DISCUSSION

Plaintiff requests an award of $26,665.19 for fees and expenses. ECF No. 38 at 10. This amount consists of (1) $16,525.00 in attorneys' fees for Strategic Legal Practices, APC ("SLP"); (2) a 1.35 multiplier enhancement on the attorneys' fees (or $5,783.75); (3) $856.44 in costs and expenses for SLP; and (4) an additional $3,500.00 for SLP to review FCA's anticipated opposition to the fee motion, draft a reply, and attend a hearing on the motion.

As explained herein, the Court will grant the motion with respect to the requested attorneys' fees and multiplier. It will grant in part Plaintiff's request for costs and will deny the request for an additional $3,500.00 with respect to this motion.

### A. Attorneys' Fees

Under California law, "[t]he determination of what constitutes a reasonable fee 'generally begins with the lodestar.'" *Graciano v. Robinson Ford Sales, Inc.*, 144 Cal. App. 4th 140 (2006) (quoting *PLCM Grp., Inc. v. Drexler*, 997 P.2d 511, 518 (Cal. 2000)). The Court calculates "a lodestar figure based on the reasonable hours spent, multiplied by the hourly prevailing rate for private attorneys in the community conducting contingent litigation of the same type." *Ketchum v. Moses*, 24 Cal. 4th 1122, 1133 (2001). The Court then exercises its discretion to adjust the lodestar figure "based on factors including . . . (1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, [and] (4) the contingent nature of the fee award." *Id.* at 1132; *see also Hensley v. Eckerhart*, 461 U.S. 424, 433–37 (1983) (describing

similar process).

The party seeking fees bears the burden of proving that the hours and rates were reasonable and that a multiplier is appropriate. *Hensley*, 461 U.S. at 437; *Ketchum*, 24 Cal. 4th at 1138. But "trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal . . . is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 838, 839 (2011) (quoting *Hensley*, 461 U.S. at 437).

### 1. Hours Reasonably Expended

Courts "must carefully review attorney documentation of hours expended; 'padding' in the form of inefficient or duplicative efforts is not subject to compensation." *Ketchum*, 24 Cal. 4th at 1132 (citation omitted).

Plaintiff seeks to recover for 34.3 hours spent by her attorneys litigating this case. She provides contemporaneous time records that specify the hours worked and types of work performed. ECF No. 38-2 at 245–46. In those hours, Plaintiff's counsel drafted the complaint, drafted case management statements, prepared for and attended meet-and-confers, drafted discovery requests, reviewed discovery responses and document productions, corresponded with Plaintiff regarding settlement offers, met and conferred regarding attorneys' fees, and drafted the instant motion. *Id.* Having carefully reviewed Plaintiff's counsel's time records, the Court finds the hours expended are non-duplicative, sufficiently specific, and reasonable in light of the amount of work required in the case.

### 2. Reasonable Hourly Rate

Courts should calculate the lodestar using "the hourly prevailing rate for private attorneys in the community conducting noncontingent litigation of the same type." *Ketchum*, 24 Cal. 4th at 1133 (emphasis omitted). "[T]he burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). For this analysis, the "relevant community is the forum in which the district court sits." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). "Declarations by attorneys regarding the prevailing market rate can suffice to establish a reasonable hourly rate." *Reyes*, 281 F. Supp. 3d at 851

3

(citing *Widrig v. Apfel*, 140 F.3d 1207, 1209 (9th Cir. 1998)); *see also Ketchum*, 24 Cal. 4th at 1140 (considering "declarations by Bay Area attorneys concerning the prevailing rates for contingency fee cases"). The Court may also rely on "rate determinations in other cases, particularly those setting a rate for plaintiffs' attorneys." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).

Plaintiff requests that the Court approve hourly rates for SLP's attorneys ranging from $350 to $595 based on each attorney's level of experience. ECF No. 38-2 at 247. Plaintiff cites a host of cases in which other courts in this district approved similar rates for SLP attorneys of similar experience levels. *See, e.g.*, *Forouzan v. BMW of North Am., LLC*, No. CV 17-3875-DMG, 2019 WL 856395, at *4 (N.D. Cal. Jan. 11, 2019) (approving rates from $350 to $595); *Ricksecker v. Ford Motor Co.*, No. 21-CV-04681-HSG (SK), 2023 WL 1542199, at *5 (N.D. Cal. Feb. 3, 2023) (same); *Covarrubias v. Ford Motor Co.*, No. 19-cv-01832-EMC, 2021 WL 3514095, at *4 (N.D. Cal. Aug. 10, 2021) (approving rates from $385 to $550). Relying on the rates approved by colleague courts, *see United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d at 407, the Court concludes that the same rates are reasonable here.

The Court thus concludes that a $16,525.00 lodestar represents Plaintiff's counsel's reasonable hours at reasonable rates.

### B.     Multiplier Enhancement

Plaintiff's counsel requests a 1.35 multiplier enhancement, which amounts to $5,783.75. In calculating whether a multiplier is appropriate, a court should attempt to "determine[], retrospectively, whether the litigation involved a contingent risk or required extraordinary legal skill justifying augmentation of the unadorned lodestar in order to approximate the fair market rate for such services." *Ketchum*, 24 Cal. 4th at 1132. California courts consider "a variety of . . . factors, including the quality of the representation, the novelty and complexity of the issues, the results obtained, and the contingent risk presented." *In re Vitamin Cases*, 110 Cal. App. 4th 1041, 1052 (2003) (quoting *Thayer, v. Wells Fargo Bank*, 92 Cal. App. 4th 819, 832 (2001)).

Here, the factors counsel in favor of the requested multiplier. As Plaintiff's counsel points out, they obtained an excellent result for Zaharin: a recovery of three times the original purchase

4

United States District Court
Northern District of California

price of the vehicle. ECF No. 38 at 22. Moreover, Plaintiff's counsel took Zaharin's case on contingency, thus risking non-payment of their fees. *See Ketchum*, 24 Cal. 4th at 1138 ("the lodestar adjustment approach . . . allows a court awarding attorney fees to include a fee enhancement for the purpose, e.g., of compensating the attorney who agreed to undertake such representation at the risk of nonpayment"). Likewise, Plaintiff's counsel has litigated this action since January 2021, *see* ECF No. 38 at 23, and thus a multiplier is appropriate to compensate for delay of payment. *See Ketchum*, 24 Cal. 4th at 1138 (fee enhancement can compensate for "delayed payment"). For these reasons, the Court concludes that a 1.35 multiplier enhancement is appropriate here.

### C.     Costs and Expenses

Plaintiff's counsel also requests $856.44 in expenses, for which they provide an itemized list. *See* ECF No. 38-2 at 246. The Song-Beverly Act authorizes recovery of reasonable expenses. Cal. Civ. Code § 1794(d). However, the Clerk of Court already has taxed FCA with costs in the amount of $450.35, which comprises $402.00 for filing of the complaint and $48.35 for service of process. ECF No. 41. Plaintiff's counsel's list of expenses is partly duplicative of the costs already taxed by the Clerk of Court. *See* ECF No. 38-2 at 246 (listing $402.00 for filing complaint and $48.35 for service of process). Thus, the Court will subtract these costs and award Plaintiff's counsel $406.09 in costs and expenses.

### D.     Fees Associated with the Instant Motion

Finally, Plaintiff seeks an additional $3,500.00 "for Plaintiff's counsel to review Defendant's Opposition, draft the Reply, and attend the hearing on this Motion." ECF No. 38 at 24. FCA did not file an opposition to the instant motion, and the Court did not conduct a hearing on the motion. Accordingly, the Court denies the request for these additional fees.

/ / /

/ / /

/ / /

/ / /

/ / /

## CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's motion in part and awards $22,308.75 in attorneys' fees and $406.09 in expenses.

**IT IS SO ORDERED.**

Dated:  February 10, 2025



JON S. TIGAR
United States District Judge